## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

MICHAEL ASAMOAH

      Plaintiff,

      v.

AMAZON.COM SERVICES, INC.

      Defendant.

Case No. _____

Judge _____

## DEFENDANT AMAZON.COM SERVICES, INC.'S NOTICE OF REMOVAL

Defendant Amazon.com Services LLC[1] ("Defendant" or "Amazon"), hereby gives notice that the action captioned *Michael Asamoah v. Amazon.com Services, Inc.,* Case No. 21 CV 005297 in the Court of Common Pleas of Franklin County, Ohio (hereinafter, "the Action") has been removed to the United States District Court for the Southern District of Ohio.

**I.      PROCEDURAL HISTORY**

1.      On or about August 23, 2021, Plaintiff Michael Asamoah ("Plaintiff") caused a Complaint to be filed against Amazon in the Court of Common Pleas of Franklin County, Ohio at Case No. 21 CV 005297.  A true and correct copy of the Complaint is attached hereto as Exhibit ("Ex.") A.  In the Complaint, Plaintiff asserts claims of discrimination based on his race, ancestry or national origin, and disability status and claims for retaliation and wrongful discharge. He asserts all claims under Ohio Rev. Code § 4112 and the Fourteenth Amendment of the Ohio Constitution.

2.      On or about August 30, 2021, Amazon was served with the Complaint, which was the first document Amazon received that provided notice claims had been filed against it.  *See*

---

[1] Defendant is incorrectly named in the Complaint as "Amazon.com Services, Inc."

Ex. B, a true and correct copy of the Proof of Service and all process, pleadings and orders in the state court action at 21.

3.     There have been no further proceedings in the Court of Common Pleas of Franklin County for this Action.

## II.     THE NOTICE OF REMOVAL WAS TIMELY FILED

4.     Pursuant to 28 U.S.C. § 1446(b)(1), Amazon has timely removed this Action because this Notice of Removal is filed within thirty (30) days after Amazon's receipt of a copy of the summons and initial pleadings.

## III.     THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION (DIVERSITY JURISDICTION) UNDER 28 U.S.C. § 1332(A)

5.     Federal district courts have "original jurisdiction" over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.     Complete Diversity of Citizenship Exists

6.     Under the federal diversity jurisdiction statute, there must be complete diversity of citizenship between the parties – meaning no plaintiff is a citizen of the same state as any one defendant. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

7.     A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the state in which the action was brought or of the same state in which the plaintiff is a citizen. 28 U.S.C. § 1441(a), (b).

8.     Upon information and belief, Plaintiff is a citizen of Ohio. *See* Ex. A, Complaint at ¶ I. A ("Plaintiff resides in the City of Columbus in the State of Ohio and is a citizen of the United States of America."). Amazon is a Delaware corporation with its principal place of

business in Washington.  *See* Andrew J. Barber Declaration, attached hereto as Ex. C[2]; *see also* Ex. A, Complaint, ¶ I. C. ("Amazon.com Services, Inc. is a corporation . . . . with its corporate headquarters in Seattle in the State of Washington"); *see also* 28 U.S.C. § 1332(c)(1) (For diversity purposes, a corporation is a citizen of "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

9.      As such, complete diversity of citizenship exists between all parties under 28 U.S.C. § 1332(a).

**B.      The Amount in Controversy Exceeds $75,000**

10.      Removal based on diversity of citizenship is proper if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

11.      While Amazon denies Plaintiff's factual allegations and denies Plaintiff is entitled to the relief he seeks in the Complaint, it is clear the amount in controversy exceeds $75,000. *See Davis v. Kindred Nursing Centers East, LLC.*, No. 05-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) ("The amount in controversy is not measured by the low end of an open-ended

---

[2] The Court may judicially notice the information in these exhibits because it is publicly available from the Delaware Secretary of State and Washington Secretary of State. *See SEC v. Lidingo Holdings, LLC*, No. C17-1600, 2018 WL 3608407, at *2 (W.D. Wash. July 26, 2018) (taking judicial notice of information that "is contained in the public records maintained by the Secretary of State of the State of Washington, and can be retrieved on the public website for the Secretary of State of the State of Washington Corporations division. https://www.sos.wa.gov/corps/ . . . ."); *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1194 (S.D. Ohio 2013) (taking judicial notice of information regarding defendant's state of incorporation and principal place of business filed with the Ohio Secretary of State); *Arvest Bank v. Byrd*, 814 F. Supp. 2d 775, 787 (W.D. Tenn. 2011) (taking judicial notice of the plaintiff's registration on the Arkansas Secretary of State website for the purpose of analyzing diversity of citizenship jurisdiction). Fed. R. Evid. 201(b)(2) (stating that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

claim, but rather by a reasonable reading of the value of the rights being litigated.") (citation omitted).

12. The Complaint asserts claims of discrimination based on race, national origin or ancestry and disability status and retaliation and wrongful discharge in violation of Ohio Rev. Code § 4112.01 and the Fourteenth Amendment of the Ohio Constitution.

13. Plaintiff seeks an award of "[t]wenty-five million Dollars ($25,000,000) in total damages." *See* Ex. A, Complaint at ¶VI. Relief 20.

14. Plaintiff seeks relief in the form of back pay and unpaid wages, wage loss, lost earnings and benefits, front pay, lost medical and dental insurance, lost retirement plan benefits, lost stock options and profit sharing, job-search costs, special and punitive damages, emotional and medical damages, and "compensatory damages, liquidated and unliquidated on each and every cause of action, including but not limited to damages for mental distress and humiliation, embarrassment, degradation, emotional and physical distress, and other non-pecuniary losses." *See* Ex A, Complaint at¶ ¶ VI. Relief 1-18.

15. Moreover, this is Plaintiff's fourth attempt to bring claims against Amazon alleging near identical facts as alleged here related to his termination of employment from Amazon. On June 30, 2020, Plaintiff initiated a federal lawsuit in the United States District Court for the Southern District of Ohio. The complaint in that case asserts claims of race and national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), disability discrimination under the Americans with Disabilities Act ("ADA"), breach of contract, and intentional infliction of emotional distress. *See* Ex. D, *Asamoah v. Amazon.com*

*Services, Inc.*, No. 2:20-cv-03305 (S.D. Ohio) at Dkt. 1. There, Plaintiff asserted, "the matter in controversy exceeds the sum or value of $75,000." *Id.* at ¶ II.F.

16.     On or about November 25, 2020, Plaintiff initiated his second lawsuit against Amazon in the Court of Common Pleas of Franklin County, Ohio, alleging claims of discrimination based on his race, ancestry or national origin, and disability status. He also asserted claims of wrongful discharge, unlawful retaliation, and intentional infliction of emotional distress. *See* Ex. E, *Asamoah v. Amazon.com Services, Inc.*, No. 2:21-cv-00003 (S.D. Ohio) at Dkt. 5. Amazon promptly removed the second action to the Southern District of Ohio.

17.     On July 27, 2021, Plaintiff initiated a third lawsuit against Amazon in the United States District Court for the Southern District of Ohio alleging near identical facts as alleged in his two previous actions. The complaint in that case asserts claims of race and national origin or ancestry discrimination in violation of the Equal Protection Clause of the Fourteenth and Fifth Amendments of the United States Constitution, disability discrimination in violation of the American with Disabilities Act ("ADA") and the Equal Protection Clause of the United States Constitution, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Equal Protection Clause of the Fourteenth and Fifth Amendments, and retaliation under Title VII of the Civil Rights Act of 1964 and the Equal Protection Clause of the United States Constitution. *See* Ex. F, *Asamoah v. Amazon.com Services, Inc.*, No. 2:21-cv-04025 (S.D. Ohio) at Dkt. 1-1. There, Plaintiff asserted, "the matter in controversy exceeds the sum or value of $75,000." *Id.* at ¶ II.G.

18.     Therefore, Amazon believes and avers that the total amount in controversy exceeds $75,000 based on the claims and the damages Plaintiff seeks.

19. Accordingly, because the parties are diverse and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, this action is properly removed on diversity grounds under 28 U.S.C. § 1441(a), (b).

## IV. VENUE IS PROPER

20. This Court is the District Court of the United States for the district and division encompassing the place where this action is currently pending.

## V. STATE COURT DOCUMENTS ARE ATTACHED

21. In accordance with 28 U.S.C. § 1446(a), Amazon has attached hereto as Ex. B true and correct copies of all process, pleadings, and orders served upon Amazon and of record.

## VI. AMAZON WILL PROVIDE NOTICE TO THE STATE COURT

22. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Court of Common Pleas of Franklin County, Ohio, and is being served on all adverse parties.

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Amazon's rights to assert any defense or affirmative matter, including jurisdictional defenses and defenses related to service.

WHEREFORE, Amazon respectfully requests this action be removed from the Court of Common Pleas of Franklin County, Ohio, and respectfully requests this Court accept jurisdiction over this civil action; and that this civil action be entered on the docket of this Court for further proceedings as though this civil action had originally been instituted in this Court.

Dated: September 27, 2021            MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Andrew J. Barber*

    Andrew J. Barber (OH #0091160)
    andrew.barber@morganlewis.com
    One Oxford Centre
    Thirty-Second Floor
    Pittsburgh, PA 15219-6401
    Telephone:+1.412.560.7449
    Facsimile:+1.412.560.7001

    *Trial Attorney for Defendant Amazon*

## CERTIFICATE OF SERVICE

I certify that on September 27, 2021 the foregoing was served via email and on September 28, 2021 the foregoing was served via U.S. Mail upon the following:

Michael Asamoah
2721 Woodcroft Road
Columbus, Ohio 43204
asamoahm81@yahoo.com

*s/ Andrew J. Barber*
Andrew J. Barber

8