**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL ASAMOAH,** | : | |
| | : | **Case No. 2:21-cv-4825** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **AMAZON.COM SERVICES, INC.,[1]** | : | |
| | : | |
| | : | |
| **Defendant.** | | |

## OPINION & ORDER

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 7).  For the reasons more fully stated below, the Court **GRANTS** Defendant's Motion.

## I.    BACKGROUND[2]

Michael Asamoah worked for Amazon as a Fulfillment Associate from December 4, 2018, to March 15, 2019, in Columbus, Ohio.  (2:20-cv-3305, ECF No. 1 at 6).  Following his termination, he filed his first of four lawsuits against Amazon.com Services, LLC *pro se* on June 30, 2020 (the "Federal case").  (*Id.*).  There, he asserted seven causes of action: unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two), in violation of Title VII of the Civil Rights Act of 1964; unlawful age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Count Three); unlawful disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA") (Count Four); and unlawful retaliation, in violation of Title VII (Count Five). He also alleged state law violations

---

[1] Defendant's legal name is Amazon.com Services LLC, not Amazon.com Services, Inc.
[2] The background of this case has been assiduously set forth in prior decisions of the Court (*see e.g.*, 2:20-cv-3305, ECF No. 32). This Opinion incorporates that background by reference herein and is summarized, restated, or otherwise supplemented as required to resolve the pending motion to dismiss.

for breach of implied contract (Count Six) and intentional infliction of emotional distress (Count Seven).  On August 17, 2020, Defendant filed a Motion to Dismiss (2:20-cv-3305, ECF No. 23). Plaintiff timely Responded (2:20-cv-3305, ECF No. 24), filed a Motion for Default Judgment (2:20-cv-3305, ECF No. 25), and Defendant timely Replied (2:20-cv-3305, ECF No. 29).

On December 7, 2020, this Court Granted in Part and Denied in Part Defendant's Motion to Dismiss (2:20-cv-3305, ECF No. 32, Opinion & Order) dismissing all but Counts One and Two. In the same Order, the Court also Denied Plaintiff's Motion for Default Judgment. (*Id.*).  On December 9, 2020, the Court scheduled the preliminary pretrial conference where it would later set case deadlines.  (2:20-cv-3305, ECF No. 33).

A day later, Asamoah filed suit in the Franklin County Court of Common Pleas.  (2:21-cv-00003, ECF No. 1-1, Complaint) ("State Case").  There, he asserted six causes of action: unlawful race discrimination (Count One) and unlawful national origin discrimination (Count Two), in violation of Ohio Revised Code Chapter 4112 *et seq.*; wrongful discharge in violation of public policy (Count Three); unlawful disability discrimination, in violation of the Ohio Civil Rights Act (Count Four); and unlawful retaliation, in violation of Ohio Revised Code Chapter 4112 *et seq.* (Count Five). He also alleges intentional infliction of emotional distress (Count Six).  Notably, his state court Complaint presents state-law analogues for almost every federal cause of action he previously asserted and omits only age-related theories of discrimination based on Ohio law. (Compare 2:21-cv-00003, ECF No. 1-1, with 2:20-cv-3305, ECF No. 1).  Defendant then filed a notice of removal in this court. (2:21-cv-00003, ECF No. 1).

Approximately a week later, the Court held its Rule 16 conference in the Federal Case on January 12, 2021.  (2:20-cv-3305, ECF No. 45). There, it set deadlines for initial disclosures (2:20-cv-3305, January 25, 2021), motions or stipulations to amend the pleadings or join additional

parties (February 26, 2021), the close of discovery (August 9, 2021), and dispositive motions (September 9, 2021).  (*Id.*).

The State Case unfolded in a similar manner as the parallel Federal action.  Asamoah again filed a series of motions within the span of a month, including multiple Motions for Default Judgment (2:20-cv-3305, ECF Nos. 6, 15); a Motion to Remand to State Court (2:20-cv-3305, ECF No. 11); a Motion to Certify Order for Interlocutory Appeal (2:20-cv-3305, ECF No. 13); a Motion to Strike the Notice of Removal (2:20-cv-3305, ECF No. 14); and a Motion to Compel (2:20-cv-3305, ECF No. 17). Defendant moved to consolidate cases 20-cv-3305 and 21-cv-00003. (2:20-cv-3305, ECF No. 20).

During the pendency of discovery in the Federal Case, Defendant filed a Motion to Compel.  (2:20-cv-3305, ECF No. 51).  There, it asked the Court to order Plaintiff to serve "his outstanding initial disclosures, responses to [Defendant's] Interrogatories, Request for Documents and Medical Authorization, all non-privileged documents identified in his initial disclosures and all non-privileged documents responsive to [Defendant's] Request for Documents by April 26, 2021."  (*Id.* at 1).  The Magistrate Judge Granted Defendant's Motion to Compel, Ordering Plaintiff to "serve his initial disclosures and responses and all responsive documents to [Defendant's] Discovery Requests," but extended Plaintiff's deadline to comply to June 4, 2021. (2:20-cv-3305, ECF No. 56).  The Magistrate Judge also explicitly warned Plaintiff "that failure to cooperate in discovery will result in sanctions, possibly including but not limited to ***dismissal***." (*Id.* at 1) (emphasis added).

This Court denied Plaintiff's pending motions in the State Case, deemed Plaintiff a vexatious litigator, and granted Defendant's Motion to consolidate (2:20-cv-3305, *See* ECF No. 66, Opinion and Order; 21-cv-00003, ECF No. 23, Opinion and Order).

3

A little less than a week later, Plaintiff filed this suit in state court: his fourth concerning the end of his employment relationship with Amazon. (*See* ECF No. 4). Using what appears to be the same complaint template Plaintiff used in his previous three iterations, he asserted violations of his Equal Protection rights under the Ohio Constitution as codified in O.R.C. § 4112, based on his race (Count 1); his ancestry or national origin (Count 2); and retaliation (Count 4). (*See id.*). Plaintiff also avers that Defendant violated the disability discrimination laws under the Ohio constitution and the Ohio Civil Rights Act (Count 3); and violated Plaintiff's Fourteenth Amendment Equal Protection Rights by wrongfully discharging him in violation of public policy (Count 5). (*See id.*). After removing this case to Federal court, Defendant soon moved to dismiss. (ECF No. 7). Plaintiff failed to file a Response in Opposition (*See* ECF); and Defendant timely filed its Reply (ECF No. 9). This matter is now ripe for review.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). And although the court "must accept all well-pleaded factual allegations in the complaint as true," the court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Raymond v. Avectus Healthcare Sols., LLC*, 859 F.3d 381, 383 (6th Cir. 2017); *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019).

Although res judicata is an affirmative defense, the Sixth Circuit has held that it may be raised in a motion to dismiss, particularly where no prejudice is shown. *See, e.g., Golden v. C.I.R.*, 548 F.3d 487, 494 (6th Cir. 2008) (noting that, in the context of Rule 8(c), res judicata can be raised by motion); *Rushford v. Firstar Bank, N.A.*, 50 Fed. App'x. 202, 203 (6th Cir. 2002) (affirming "the district court's dismissal pursuant to Rule 12(b)(6) based on principles of preclusion"); *Platsis v. E.F. Hutton & Co., Inc*, 946 F.2d 38 at 42-43 (6th Cir. 1991) (upholding the district court's dismissal of plaintiff's claims on res judicata grounds even though the defendant raised the issue in his motion to dismiss instead of in his answer because plaintiff "was both party to and counsel in the previous suit and as such he was intimately familiar with the factual and legal bases of defendant's motion," thus was not prejudiced); *City of Canton v. Maynard*, 766 F.2d 236, 239 (6th Cir. 1985) (affirming district court's rule 12(b)(6) dismissal on grounds of res judicata); ; *DeNune v. Consol. Capital of N. Am., Inc.*, 288 F. Supp. 2d 844, 851-53 (N.D. Ohio 2003) ("Defendants are entitled to raise the res judicata issue in this motion to dismiss.").

Relatedly, though a district court's dismissal under Rule 12(b)(6) is reviewed *de novo* by the Sixth Circuit, "where the district court dismisses a subsequent suit as duplicative, [the appellate court] review[s] … for an abuse of discretion because the district court's decision is grounded on its inherent discretionary authority to manage its own docket." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019) (citing *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997); *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d

Cir. 2000)). Thus, a motion to dismiss for impermissible claim-splitting is reviewed for an abuse of discretion. *See id.*

## III.   LAW & ANALYSIS

Defendant filed its Motion to Dismiss asserting three theories for dismissal: (1) Plaintiff has impermissibly split his claims across cases; (2) Plaintiff failed to state claims for wrongful termination based on public policy, discrimination based on disability, retaliation based on invoking right to assert disability discrimination, and all purported constitutional causes of action; and (3) res judicata. (ECF No. 7 at 1–2). Accordingly, based on one or more of the above theories, Defendant contends that Plaintiff's Complaint must be dismissed. (*Id.*).

Plaintiff offers no response. (*See* ECF).

This Court will begin its analysis with Defendant's contention that Plaintiff impermissibly split his claims across cases; continue with res judicata; and conclude with failure to state a claim.

### A.  Claim-Splitting

"Claim-splitting and duplicative litigation are variations of res judicata." *Waad*, 762 F. App'x at 260. In other words, "claim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Id.* (citing *Katz*, 655 F.3d at 1217) ("The proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis."). "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Id.* (citing *Katz*, 655 F.3d at 1217). Res judicata or claim preclusion is established when a defendant shows:

> (1) "a final judgment on the merits" in a prior action;
> (2) "a subsequent suit between the same parties or their privies";
> (3) an issue in the second lawsuit that should have been raised in the first; and

6

(4) that the claims in both lawsuits arise from the same transaction.

*Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citing *Montana v. United States*, 440 U.S. 147, 153, (1979); and *Wilkins v. Jakeway*, 183 F.3d 528, 532, 535 (6th Cir. 1999). Thus, the test for claim splitting is the test for res judicata, without the initial prong.

Plaintiff impermissibly split his claims across cases. Here, Plaintiff is suing the same Defendant as he did in his initial lawsuit, thus the second prong is satisfied. (*Compare* 2:20-cv-3305, ECF No. 1 *with* 2:21-cv-4825, ECF No. 4). Plaintiff's claims could have—and should have—been raised in the earlier filed lawsuits. Many of Plaintiff's claims asserted here are state law analogues of the federal causes of action in Plaintiff's initial case.[3] (*Compare* 2:20-cv-3305, ECF No. 1 *with* 2:21-cv-4825, ECF No. 4). To the extent Plaintiff is now asserting additional claims under the Ohio Constitution, Plaintiff provides no justification as to why he was unable to assert those theories in his earlier Complaint. Thus, the third prong is satisfied. Further, the claims asserted here and those brought previously share an identical factual predicate: the lawsuits concern the end of Plaintiff's employment with Defendant. In addition to using almost identical language throughout, Plaintiff references the same underlying facts to support his claims. (*Compare* 2:20-cv-3305, ECF No. 1 *with* 2:21-cv-4825, ECF No. 4).[4] This weighs heavily toward a finding of impermissible claim splitting.

And "[w]hile in this case the Court must afford [Plaintiff], as a *pro se* litigant, leeway in prosecuting his case, *Hughes v. Rowe*, 449 U.S. 5, 10 (1980), those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Algie v. N. Kentucky Univ.*,

---

[3] Moreover, a cursory comparison between the Complaint in the case sub judice and 2:21-cv-00003 reveals that Plaintiff simply drops his intentional infliction of emotional distress claim, reasserts all other claims, and adds the phrase "violated Plaintiff's Equal Protection rights under the Ohio Constitution." (ECF No. 4); (Compare 2:21-cv-00003, ECF No. 5 with 2:21-cv-4825, ECF No. 4).

[4] In the counts that Plaintiff asserted in each complaint, he bases his legal theories on an identical set of facts using the same language. (*Compare* 2:20-cv-3305, ECF No. 1 *with* 2:21-cv-4825, ECF No. 4).

No. CV 06-23-DLB, 2006 WL 8445660, at *1 (E.D. Ky. Sept. 11, 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).  "[A]s a matter of efficiency and ***fairness***, court[s] should not allow parties to gain procedural advantages by splitting causes of action. 'It is well-settled that a plaintiff may not use the tactic of filing substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Waad v. Farmers Ins. Exch.*, No. 17-13034, 2018 WL 1964679, at *3 (E.D. Mich. Apr. 26, 2018), *aff'd*, 762 F. App'x 256 (6th Cir. 2019) (emphasis added) (citing *Hartsel Springs Ranch v. Bluegreen*, 296 F.3d 982, 990 (10th Cir. 2002)).  And though this Court generally hesitates to impose such a harsh sanction on an otherwise unsuspecting pro se litigant, he has repeatedly represented to the Court that he is an attorney with expertise in the practice of law.  (*See e.g.*, 2:21-cv-4976, ECF No. 6 at 1) (In his Response to this Court's Order to Show Cause why he did not comply with the Court's vexatious litigator requirements, Mr. Asamoah states that he "has law degrees … [and] was a member of two Moot Court Teams in law school. Plaintiff has proven he can litigate against … Attorneys who graduated from elite schools in the world.").

This representation coupled with his lengthy history of contumacious conduct in this Court militates toward dismissal.  Plaintiff had the opportunity in the initially filed case to investigate his claims as well as cooperate with Defendant so that it might prepare its defense.  Instead of participating and attempting to litigate his suit in good faith, Plaintiff opted to file an almost identical lawsuit in state court—twice.  As such, any fairness concerns that would otherwise weigh against applying the claim-splitting doctrine to a *pro se* litigant, at least in this instance, is overwhelmingly outweighed by Plaintiff's unwillingness to litigate in good-faith.

**B. Res Judicata**

Alternatively, because the dismissal of 2:20-cv-3305 was with prejudice and on the merits (2:20-cv-3305, *See* ECF No. 100, Opinion and Order), Plaintiff's claims also fail for being barred by res judicata. *See Wheeler*, 807 F.3d at 766 ("[D]ismissals with prejudice generally are judgments on the merits that bar plaintiffs from refiling their claims in the court that dismissed them."). In either case, Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**C. Failure to State a Claim Upon Which Relief Can be Granted**

Because Plaintiff's claims fail under both claim-splitting and res judicata analyses, it is not necessary to address whether he failed to state a claim upon which relief can be granted.

**IV.    CONCLUSION**

For the reasons more fully stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7); and all motions filed after Defendant's Motion (ECF Nos. 14, 15, 16, 18, 19) **are DENIED AS MOOT.** Plaintiff's action is **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

DATED: September 13, 2022

9